FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 0 6 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANTHONY PERRI,

          Plaintiff,

    -against-

ALLYNE ROSS, United States district Judge;
BARRAK HUSSEIN OBAMA, President of the
United States of America; ERIC HOLDER,
Attorney General of the United States of America;
BENTON CAMPBELL, Former United States
Attorney for the Eastern District of New York;
LORRETTA LYNCH, United States Attorney for
the Eastern District of New York; JANICECK
FREDACYK, Assistant Director of the Federal
Bureau of Investigation; and KATHLEEN RICE,
D.A. for Nassau County, New York,

          Defendants.
----------------------------------------------------------x

NOT FOR PRINT OR ELECTRONIC PUBLICATION

**MEMORANDUM AND ORDER**

11 CV 1359 (CBA)

AMON, Chief United States District Judge:

Plaintiff Anthony Perri filed this pro se action on March 16, 2011, along with a motion for emergency preliminary relief. Plaintiff's request to proceed in forma pauperis is granted. For the reasons that follow, the action is dismissed without prejudice.

## BACKGROUND

Plaintiff is a frequent litigant in this Court. See Perri v. Bloomberg et al., No. 06 CV 403 (CBA), 2011 WL 2119331 (E.D.N.Y. May 27, 2011) (approving settlement and dismissing the case); Perri v. Cardozo et al., No. 06 CV 2846 (ARR) (E.D.N.Y. Sept. 25, 2006) (case dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief could be granted); Perri v. The United States District Court for the E.D.N.Y. et al., No. 07 CV 282 (ARR) (E.D.N.Y. Jan. 30, 2007) (same); Perri v. City of New York et al., No. 08 CV 451 (ARR), 2009

WL 3839317 (E.D.N.Y. Nov. 17, 2009) (dismissed without prejudice, following appeal and remand), aff'd, 382 F. App'x 27 (2d Cir. 2010); Perri v. Obama et al., No. 10 CV 5038, 2010 WL 4961802 (E.D.N.Y. Nov. 30, 2010) (dismissed without prejudice); Perri v. Obama et al., No. 11 CV 165 (ARR), 2011 WL 685826 (E.D.N.Y. Feb. 15, 2011) (dismissed without prejudice).

In one of plaintiff's previous cases, the Court of Appeals for the Second Circuit directed the Court to consider whether the Court should appoint a guardian ad litem under Rule 17(c) of the Federal Rules of Civil Procedure. Perri v. City of New York, No. 08 CV 451 (ARR), slip op. (Feb. 19, 2008) (dismissed as frivolous), vacated by Perri v. City of New York, 350 Fed. App'x 489 (2d Cir. 2009) (remanding for determination as to whether appointment of guardian ad litem was necessary). In that case, the Court considered whether plaintiff was entitled to such appointment and determined that no guardian need be appointed to adequately protect plaintiff, because no guardian ad litem could save plaintiff's claims from dismissal. See 2009 WL 3839317, aff'd, 382 Fed. App'x 27 (2d Cir. 2010).

The Court appointed Ian Feldman, Esq., Director of the Mental Health Unit at the Urban Justice Center, to be plaintiff's guardian ad litem in another of his cases, Perri v. Bloomberg, 06 CV 403, slip op. (E.D.N.Y. Dec. 28, 2010) (Docket Entry # 209). Mr. Feldman subsequently negotiated with the City of New York and obtained a settlement for plaintiff. The settlement was approved by the Court on May 27, 2011, over plaintiff's objection. Perri v. Bloomberg et al., No. 06 CV 403 (CBA), 2011 WL 2119331 (E.D.N.Y. May 27, 2011) (adopting Report and Recommendation finding that the settlement reached between the City of New York and Mr. Perri's appointed guardian ad litem was "fair, reasonable, and adequate," and dismissing the case).

Plaintiff's instant complaint alleges that defendants used civilians to release toxic substances into his living quarters and to entrap him in criminal activity. (Compl. ¶¶ 10-11.) Plaintiff alleges that Judge Allyne Ross "committed specific criminal acts to deny me Justice to the Courts." (Id. ¶ 12.) He alleges that Judge Ross dismissed his prior cases in order to cover up prior unspecified "corrupt actions" and in violation of his First Amendment rights. (Id. ¶¶ 14-15, 19.) Plaintiff further alleges that "[t]he Defendants actions have caused the destabilization of the United States Government and it's [sic] interests in Foreign Policy, Commerce & Homeland security." (Id. ¶ 17.)

Plaintiff requests injunctive and declaratory relief, the appointment of a guardian ad litem and pro bono counsel, and $30 million in compensatory and punitive damages. (Id. ¶¶ 20-24.)

At the same time that he submitted the instant complaint, plaintiff filed a notice of motion for preliminary injunctive relief. The motion seeks to restrain defendants from tampering with his food, releasing gas or chemicals in or near his room, or otherwise causing physical harm to him or his cat. (Motion ¶¶ 2-5, 7.) Plaintiff asks the Court to restrain defendants "from using men, women & children to set me up in acts of entrapment." (Id. ¶ 12.) He further seeks to enjoin defendants from using financial pressure, media coverage, court intervention, or medical diagnoses to attempt to influence his litigation in federal court. (Id. ¶¶ 6, 9-11, 13.)

## DISCUSSION

Rule 17(c)(2) of the Federal Rules of Civil Procedure provides: "The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." The duty to "appoint" or "issue another appropriate order" arises after a determination of incompetency. Ferrelli v. River Manor Health Care Ctr., 323 F.3d

3

196, 201 (2d Cir. 2003). A court is under no obligation to inquire sua sponte into a pro se plaintiff's mental competence. Id. at 201, 203.

However, the Second Circuit has directed that it would likely be an abuse of discretion not to consider the application of Rule 17(c) if the court "is presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." Id. at 203.

The Court was presented with evidence of plaintiff's history of mental illness in his prior cases, and the Court determined that a guardian ad litem was necessary to protect plaintiff's interests in Perri v. Bloomberg, 06 CV 403 (CBA).

However, the Court finds that it need not appoint a guardian ad litem in order to adequately protect plaintiff in the instant action. See United States of America v. 30.64 Acres of Land, 795 F.2d 796, 805 (9th Cir. 1986) ("the court . . . need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected"). The Court has carefully reviewed plaintiff's complaint and motion in this case and finds that appointment of a guardian ad litem in this proceeding would be futile, because it appears that no guardian could save plaintiff's claims from dismissal.

An action is considered frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual

4

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Plaintiff's claims regarding the involvement of federal officials in a scheme to poison plaintiff and his cat and his assertion that this alleged harassment has destabilized the United States government are fantastic and incredible. No matter how these allegations are presented, they will always be irrational or wholly incredible.

When a court finds the factual allegations to be frivolous, it must dismiss the action or claims. See 28 U.S.C. § 1915(e)(2)(B) (the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief").

The Second Circuit has advised that in cases involving incompetent plaintiffs: "if the court views it as clear that no substantial claim could be asserted on behalf of [an incompetent plaintiff], it may dismiss the complaint, but without prejudice." Berrios v. New York City Housing Authority, 564 F.3d 130, 135 (2d Cir. 2009). Faced with the incredible claims in plaintiff's complaint, and mindful of the need to conserve judicial resources, the Court finds that no substantial claim could be asserted on plaintiff's behalf in this action. See Burke v. Coughlin, No. 86 CV 1174, 1995 WL 350349 (W.D.N.Y. May 30, 1995) (declining to appoint a guardian ad litem where the action was unlikely to continue). Accordingly the complaint may be dismissed, without prejudice, and without the appointment of a guardian ad litem.

## CONCLUSION

The action is dismissed without prejudice. The Clerk of Court is directed to terminate the motion for preliminary relief and to close this case.

SO ORDERED.

/Signed by Chief Judge Carol B. Amon/

CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
     June 6, 2011